# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
April 16, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**DEBRA H. HALE,**
**Claimant Below, Petitioner**

**vs.)   No. 12-1308** (BOR Appeal No. 2047173)
                    (Claim No. 2008006269)

**PINNACLE MINING COMPANY, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Debra H. Hale, by Gregory S. Prudich, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Pinnacle Mining Company, LLC, by H. Dill Battle III, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated October 5, 2012, in which the Board affirmed an April 27, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's December 7, 2010, decision which denied a follow-up visit with Robert Kropac, M.D. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Hale, a coal miner, was injured in the course of her employment on July 28, 2007, when she was lifting a spool of cable. Her claim was held compensable for lumbar sprain/strain. X-rays and an MRI of her lumbar spine taken shortly after the injury showed spondylolisthesis and degenerative changes. David Eells, M.D., stated on the report of injury that Ms. Hale's injury was work-related and that it aggravated pre-existing spondylolisthesis. Dr. Kropac concurred in a deposition on March 22, 2011. He testified that Ms. Hale had a history of lower back pain prior to her compensable injury. He determined that degenerative changes and spinal

1

stenosis had caused some of her vertebra to slip. He opined, however, that the work-related injury aggravated her pre-existing condition and caused increased pain as well as numbness that radiated into her legs. Ms. Hale underwent surgery in order to treat her pre-existing condition. Dr. Kropac asserted that the surgery was somewhat related to the compensable injury in that it would not have been necessary had the injury not aggravated her pre-existing spondylolisthesis. Ms. Hale also testified in a deposition on March 22, 2011. She stated that she had intermittently experienced back problems throughout the years prior to her compensable injury; however, those problems had not rendered her unable to work. Prior to her injury, she was capable of performing her job duties but afterwards she was unable to work or perform some activities of daily living. She asserted that the surgery decreased her pain and numbness but failed to completely eliminate the pain. She admitted that Dr. Eells diagnosed her with spondylolisthesis three or four years prior to her compensable injury and that he informed her that surgery may be necessary in the future depending on how the condition progressed.

Prasadarao Mukkamala, M.D., performed an independent medical evaluation on October 12, 2007, in which he opined that Ms. Hale had reached maximum medical improvement for her compensable condition. He determined that the work-related injury was a moderate contributor to her current condition and had a mild impact on her activities of daily living. A. E. Landis, M.D., also performed an independent medical evaluation. He found that Ms. Hale had suffered two previous back injuries for which she received significant treatment. Also, prior to her compensable injury, she was taking the medication Lortab daily in order to allow her to perform her occupational duties. He stated that without question, her spinal surgery was performed in order to treat her non-compensable spondylolisthesis and was in no way related to her compensable back injury.

Constantino Amores, M.D., performed a physician review in December of 2008. In that report, he indicated the diagnosis in the claim was lumbosacral strain for which Ms. Hale had gone far beyond the allowed time frame for treatment. He opined that no further treatment should be allowed. Rebecca Thaxton, M.D., also found that Ms. Hale had exceeded the treatment guidelines for her compensable injury in her physician review in October of 2010. She stated that the follow-up visit to Dr. Kropac was not related to Ms. Hale's compensable injury but was instead related to her pre-existing back condition. Marsha Bailey, M.D., likewise opined in her physician review in May of 2011 that Ms. Hale's ongoing complaints and continued need for medical care are solely the result of her pre-existing degenerative conditions. It was Dr. Bailey's strong opinion that the lumbar surgery was in no way related to the compensable injury.

The claims administrator denied a request for a follow-up visit with Dr. Kropac on December 7, 2010. The Office of Judges affirmed that decision in its April 27, 2012, Order. It determined that the evidence clearly shows that Ms. Hale had pre-existing spondylolisthesis. The condition was determined to be unrelated to her compensable injury by Drs. Thaxton, Landis, and Bailey. Ms. Hale underwent surgery to treat the condition, and any problems related to that surgery were also deemed unrelated to her compensable injury. The Office of Judges found that Dr. Kropac opined that the compensable injury aggravated, and was therefore related to, the pre-existing condition. His analysis was determined to be incorrect as it was quite different from that of the other physicians of record. The opinions of Drs. Bailey, Thaxton, Landis, and Amores

were found to be more reliable. The Office of Judges found that Ms. Hale had very severe pre-existing spondylolisthesis for which she underwent surgery, and that it was simply unreasonable to find that further treatment for a sprain/strain that occurred in July of 2007 was necessary in this case.

The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order in its October 5, 2012, decision. This Court agrees with the reasoning and conclusions of the Board of Review. Ms. Hale clearly suffered from a pre-existing back condition as well as injuries. Her claim was held compensable only for a lumbar sprain/strain. The overwhelming medical evidence illustrates that her current symptoms are not the result of her compensable injury and that a follow-up visit with Dr. Kropac is not medically related or reasonably required.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  April 16, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II